No. 9,017.—STATE ex Rel. HUGH BURWELL, Relator, v. ALEX McLEOD, Sheriff of Silver Bow County *et al.*, Respondents.

Decided May 28, 1940.

PER CURIAM.—Application for alternative writ of mandate herein denied. (Concurred in by Chief Justice Johnson and Associate Justices Erickson and Arnold.)

Mr. Justice Angstman:

I dissent. By denying the alternative writ my associates are sanctioning the denial of the constitutional right of a citizen accused of crime to a speedy trial, and, under the facts here, are approving of his imprisonment for months awaiting trial (he being unable to furnish bail) where there are two judges in the district constantly in attendance at the county seat and where the only justification that we can suppose is the expense of a special jury.

If there is any other cause for not trying the accused within a reasonable time, I am in favor of finding out what it is by issuing an alternative writ, directed to the court, to compel the impaneling of a special jury or show cause why it should not be done. I favor this course for the reason that a jury was in attendance when the relator was accused of the crime of forging a $5 check. He repeatedly demanded that his case be set for

trial. Instead of that, the jury panel was dismissed. He then applied to this court for a writ of habeas corpus, whereupon another charge was filed for the forging of a $10 check.

It seems to me that the circumstances here, in fairness to the accused (who must remain in jail until tried), entitle him to a more speedy trial than will result in the normal course of proceedings, which we are advised will not provide a jury for probably six months or more.